```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:
                                          CASE NO. 10-22697
WILLIE W. WALLACE and
JANICE M. WALLACE,
                       Debtors.           DECISION & ORDER
_____
```

**BACKGROUND**

On November 9, 2010, Willie W. Wallace and Janice M. Wallace (the "Debtors"), filed a petition initiating a Chapter 7 case, and Raja N. Sekharan, Esq. was appointed as their Chapter 7 Trustee (the "Trustee").

In the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtors indicated that: (1) on Schedule A - Real Property: (a) they resided at 370 Fernwood Avenue, Rochester, NY 14609 (the "Fernwood Property"); (b) the Property had a current fair market value of $44,000.00; and (c) the Property was subject to a mortgage held by American General Finance (the "AGF Mortgage"), which had a balance of $69,074.18; (2) on Schedule B - Personal Property they had: (a) an Advantage Federal Credit Union checking account and savings account (collectively, the "Advantage FCU Accounts"), with deposits of $66.02 and $925.08, respectively; and (b) estimated 2010 New York State and Federal Income Tax refunds of $4,302.50 (the "Tax Refunds"), based upon their 2009 tax refund; and (3) on Schedule C - Exempt Property:

**BK. 10-22697**

the Advantage FCU Accounts and Tax Refunds were claimed as exempt property under New York State Debtor and Creditor Law Section 283(2) ("Section 283(2)").[1]

On December 21, 2010, the Debtors filed a Motion to Avoid Judicial Liens Pursuant to Section 522(f)(1) (the "Avoidance Motion"), which asserted that: (1) since the Fernwood Property had a fair market value of $44,000.00, and was subject to the AGF Mortgage that had a balance of $69,074.18, there was no equity in the Property upon which the more than $34,000.00 in judicial liens that had been entered and docketed against the Debtors in 2009 and 2010 could attach; (2) although the Debtors had not formally claimed an exemption in the Property on Schedule C, pursuant to Section 283(2) and New York Civil Practice Law and Rules Section 5206 ("Section 5206"), and under the Court's decision in In re

---

[1] Section 283(2) provides that:

> Contingent alternative bankruptcy exemption. Notwithstanding section two hundred eighty-two of this article, a debtor, who (a) does not elect, claim, or otherwise avail himself of an exemption described in section fifty-two hundred six of the civil practice law and rules; (b) utilizes to the fullest extent permitted by law as applied to said debtor's property, the exemptions referred to in subdivision one of this section which are subject to the five thousand dollar aggregate limit; and (c) does not reach such aggregate limit, may exempt cash in the amount by which five thousand dollars exceeds the aggregate of his exemptions referred to in subdivision one of this section or in the amount of two thousand five hundred dollars, whichever amount is less. For purposes of this subdivision, cash means currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution.

New York Debtor & Creditor Law § 283 (2010)

**Page 2**

**BK. 10-22697**

Whitehead, 226 B.R. 539 (Bankr. W.D.N.Y. 1998) ("Whitehead"), since the Debtors retained a possessory and equitable interest in the Property, they were still entitled to an exemption in the Property for the purpose of making the Motion and utilizing the avoidance provisions of Sections 522(f)(1) and (2); (3) the Debtors' right to avoid the judicial liens, even though they had no actual equity in the Property over and above the AGF Mortgage, was supported by Whitehead, which was decided subsequent to the amendments to the Bankruptcy Code in the Bankruptcy Reform Act of 1994 (the "1994 Amendments"), as well as the Court's Decisions that preceded the 1994 Amendments: In re Sweeting, 151 B.R. 322 (Bankr. W.D.N.Y. 1992) ("Sweeting") and In re Braddon, 57 B.R. 677 (Bankr. W.D.N.Y. 1986); and (4) if the judicial liens were not avoided, they would impair any future exempt equity that the Debtors might have as the result of their pay down of the AGF Mortgage or an increase in the fair market value of the Property, which would diminish the Debtors' fresh start.

On January 11, 2011, the Trustee filed an Objection to the Debtors' claimed personal property exemptions (the "Objection to Exemptions").

At the February 9, 2011, hearing on the Objection to Exemptions, the Trustee indicated that the Objection was related to the Avoidance Motion, because the Debtors sought relief under

Section 522(f)(1), which, he asserted, required that they formally claim a homestead exemption in the Fernwood Property, yet the Debtors had claimed only the alternative cash exemption permitted by Section 283(2), in the Advantage FCU Accounts and Tax Refunds. The Court adjourned the Objection to Exemptions to the return date of the Avoidance Motion.

On February 14, 2011, the Debtors filed a Memorandum of Law in Opposition to the Objection to Exemptions (the "Memorandum in Opposition"), which restated the Debtors' assertions in the Avoidance Motion, and further asserted that: (1) the 1994 Amendments were intended to overrule the Decisions of those Courts that would not permit Chapter 7 debtors to avoid judgment liens under Section 522(f), where there was no equity in the debtor's property for the judgment lien to attach to or impair a homestead exemption; (2) under the 1994 Amendments, Section 522(f)(2)(A) was added to Section 522(f), in order to provide a definition and formula to define the extent that a lien "impairs an exemption" under Section 522(f)(1), so that the lien may be avoided; (3) the language in Section 522(f)(2)(A) indicates that a debtor is not required to actually claim a homestead exemption in order to utilize Section 522(f)(1), because the language specifically states that a lien is "considered" to impair an exemption to the extent that the sum of the lien, plus all other liens on the property, and

**Page 4**

the amount of the exemption that the debtor "could claim" if there were no liens on the property, exceeds the value that the debtor's interest in the property "would have" in the absence of any liens; (4) the Court's statement in Whitehead that a debtor who had no equity in his residence, and who otherwise qualified for a homestead exemption, was entitled to a homestead exemption "for purposes" of Section 522(f)(1), recognized, without directly addressing the issue, that a debtor may make a motion under Section 522(f)(1) to remove liens that impair a potential exemption without actually claiming a homestead exemption; (5) under the Supremacy Clause of the United States Constitution, any conflict between the exemptions provided for in New York State law under the CPLR Section 5205 and Section 5206, and Section 283(2),[2] including the requirement that a debtor claim either a cash exemption or homestead exemption, is preempted by Sections 522(f)(1) and (2); (6) the purpose of the New York State exemption statutes was to permit a debtor to claim an exemption in either cash or actual equity in real property, but these statutes did not address the factual situation presented in the Debtors' case, which is that the Debtors have no actual equity in the Fernwood Property; and (7) the Debtors should not be forced to formally claim a homestead

---

[2] The Court notes that for the purpose of this Decision & Order, the applicable provisions of the CPLR and Debtor and Creditor Law are those that were in effect upon the date of the Debtors' filing on November 9, 2010.

**Page 5**

exemption under a state law in order to obtain rights to which they are otherwise entitled under Section 522(f)(1).

On February 23, 2011, the Trustee filed a Reply to the Memorandum in Opposition, which asserted that: (1) several courts, including this Court in <u>Whitehead</u>, have held that for the purpose of determining the extent to which a lien impairs an exemption under Section 522(f)(1), the formula in Section 522(f)(2)(A) creates equity, so that a debtor would be entitled to avoid the fixing of judicial liens, and to utilize the relevant federal or state homestead exemption, even if the debtor has no actual equity in its residence above otherwise unavoidable liens; (2) a New York State debtor, under Section 283(2), must claim either a homestead exemption or a cash exemption, but cannot claim both; and (3) a debtor must actually claim a homestead exemption in order to be eligible to utilize the avoidance rights provided for by Section 522(f).

At a March 9, 2011 hearing on the Avoidance Motion and the Objection to Exemptions, the Court reserved decision.

## **DISCUSSION**

### A.  **Section 522(f)**

Prior to the 1994 amendments, Section 522(f)(1) read as follows:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on

>>an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection(b) of this section, if such lien is –
>>
>>(1) a judicial lien...

Subsections 522(f)(1) and 522(f)(2)(A) were amended by the 1994 Amendments to the Bankruptcy Code,[3] to read as follows:

> (f)(1) Notwithstanding any waiver of exemptions ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
>>(A) a judicial lien...
>
> (2) (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
>>(i) the lien;
>>
>>(ii) all other liens on the property; and
>>
>>(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

---

[3] *See* Section 303 of the Bankruptcy Reform Act of 1994 for the changes made to this section of the Code.

## B. <u>Legislative History of the 1994 Amendments</u>

The legislative history of the 1994 Amendments, Section 303, Impairment of [E]xemptions, states in part, with respect to the amendment of Section 522(f), that:

> Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in Section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption, based upon a decision, *In re Brantz*, 106 B.R. 62 (Bankr. E.D.Pa. 1989), that was favorably cited by the Supreme Court in *Owen v. Owen*, 111 S.Ct. 1833, 1838, n.5.
>
> The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and avoid a judicial lien or other lien of a type subject to avoidance, in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect, by executing on the lien. Unfortunately, a minority of court decisions, such as *In re Gonzales*, 149 B.R. 9 (Bankr. D.Mass. 1993), have interpreted Section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.[4]

---

[4] *See* **Cong. Record** H10752, *H10769 and **A&P H.R. Rep**. 103-835.

BK. 10-22697

**C.   <u>Analysis</u>**

The Court holds that a New York State debtor must actually claim a homestead exemption under Section 5206 and Section 283(2) on Schedule C in order to utilize the avoidance provisions of Section 522(f), for the following reasons:

1. Section 522 is entitled "[e]xemptions", and it includes provisions identifying available exemptions and actions that may be taken with respect to claimed exemptions. There is absolutely no basis in the context of Section 522 for debtors to assert that Section 522(f) requires only a potential homestead exemption, which then becomes an actual homestead exemption after the application of Section 522(f)(2)(A), without the need for them to actually claim a homestead exemption;

2. in the context of a bankruptcy case, the plain language of Section 522(f)(1), that a "debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b)...[,]" can reasonably only refer to a homestead exemption that has been claimed by the debtor in the bankruptcy case;

3. notwithstanding the language emphasized by the Debtors in Section 522(f)(2)(A), including the reference in Section 522(f)(2)(A) to "the amount of the exemption that the debtor 'could claim'[internal quotations added]," the plain language of Section 522(f)(2)(A) also can reasonably only refer to a homestead exemption that has been claimed by the debtor in the bankruptcy case;

4. even if the Court were to determine that the language of Section 522(f)(2)(A) is ambiguous, the legislative history to the 1994 Amendments provides no support for the Debtors' position that they are not required to formally claim a homestead exemption in order to be eligible to utilize Section 522(f). Rather, the legislative history states that Congress intended only to define, and therefore clarify, its intention with respect to the phrase "impair an exemption" in Section 522(f), and to provide a simple arithmetic test to determine whether a lien impairs an exemption claimed under Section 522 or as permitted by state law in an opt out state such as New York State;

5. a debtor with no equity in real property over and above his mortgage(s) is required to actually claim a homestead exemption in order to utilize Section 522(f), because: (a) the legislative history to the 1994 Amendments indicates that one of the scenarios in the Decisions by

**Page 10**

>a minority of Courts that Congress intended to overrule, was where a debtor was not permitted to avoid judicial liens on his residence because the debtor, like the Debtors here, had no actual equity above his mortgage; (b) this Court's Decisions prior to the 1994 Amendment in <u>Sweeting</u>, and subsequent to the 1994 Amendment, in <u>Whitehead</u>, where the debtors did claim a homestead exemption, permitted the debtors in those cases to avoid judicial liens on their residence even though they had no actual equity above their mortgage(s); and (c) as indicated in this Court's Decision in <u>Whitehead</u>, the legislative history to the 1994 Amendments makes it clear that the formula under Section 522(f)(2)(A) creates equity for purposes of Section 522(f)(1), so that even if a debtor has no actual equity in his real property over and above unavoidable mortgage liens, Section 522(f)(1) creates formula equity in order to permit the debtor to avoid judicial liens.  However, this formula does not alter the fundamental requirement that a debtor actually claim a homestead exemption to be eligible to utilize the Section 522(f)(1) avoidance rights;

6. other than the above-referenced interpretations of the statutory language of Section 522(f), the legislative history of the 1994 Amendments, and the Court's Decisions, the Debtors have not cited to any authority to

**Page 11**

        support their assertion that a debtor is not required to claim a homestead exemption in order to utilize the Section 522(f)(1) avoidance right, nor has the Court found any such support;

7. while the 1994 Amendments created a federal definition of impairment under Section 522(f)(1), which preempted any state law definition of impairment for purposes of Section 522(f), they did not have any effect on the requirements that a New York State debtor, since New York has opted-out of the federal exemptions contained in Section 522,[5] must: (a) claim either a homestead exemption or a cash exemption, but not both; and (b) actually claim a homestead exemption in order to utilize the avoidance powers of Section 522(f)(1). The position of the Debtors would undermine the clear intent of the New York State Legislature to require that its residents chose between a cash and homestead exemption, and there is no reason for this Court to believe that when the Legislature did that, as permitted by the Bankruptcy System, it was to some extent intentionally limiting debtor's fresh start, but denying them what the Legislature felt would be a head start;

---

[5] The Court notes that the Debtor and Creditor Law Section 285, alternative federal exemptions, which permits a debtor to utilize the federal exemptions contained in Section 522, was not effective until January 21, 2011, so that it is inapplicable to this Decision & Order.

BK. 10-22697

8.  Even though there is significant authority for the proposition that exemptions are to be liberally construed, that does not mean that Courts should ignore the plain meaning and intent of statutes, agreements or orders.

### CONCLUSION

The Debtors have until June 17, 2011 to amend their Schedule C exemptions, should they choose to do so.

Should the Debtors claim a homestead exemption and no cash exemption, the Avoidance Motion is in all respects granted.

Should the Debtors elect not to amend their Schedule C exemptions, the Avoidance Motion is in all respects denied, and the Objection to Exemptions is deemed to be moot.

**IT IS SO ORDERED.**

/s/
**HON. JOHN C. NINFO, II
U.S. BANKRUPTCY JUDGE**

**Dated: May 12, 2011**